UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHAWN E. COYLE and BARBARA J. WATSON, :<br>      Plaintiffs : : | |
| v. : | C.A. No. 18- |
| FAMILY DOCTOR PLUS-RI, LLC, alias, : FDP EQUITIES, LLC, alias, and WILLIAM L. : WELTER, alias, :<br>      Defendants. : | Jury Trial Demanded |

## COMPLAINT

### I. Introduction

1. This is an action brought by Plaintiffs Shawn E. Coyle and Barbara J. Watson against their former employer, Defendants Family Doctor Plus-RI, LLC, alias, FDP Equities, LLC, alias, and William L. Welter, alias, seeking compensatory, liquidated, and punitive damages, counsel fees, costs and other equitable relief arising out of willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and Rhode Island Payment of Wages Act ("RIPWA") R.I. Gen. Laws § 28-12-1, *et seq.* and § 28-14-1, *et. seq*.

### II. Parties

2. Plaintiff Shawn E. Coyle (hereinafter "Plaintiff Coyle") is a resident of the Village of Wakefield, Town of South Kingston, County of Washington, and State of Rhode Island.

3. Plaintiff Barbara J. Watson (hereinafter "Plaintiff Watson") is a resident of the Town of Westerly, County of Washington, and State of Rhode Island.

4. At all times relevant to this action, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and R.I. Gen. Laws § 28-12-2(5) and § 28-14-1(2) of the RIPWA employed by Defendants.

5. Unless otherwise specified, the term "Plaintiffs" as hereinafter used shall refer collectively to each and every Plaintiff named or described in the instant action.

6. Defendant Family Doctor Plus-RI, LLC, (hereinafter "Defendant Family Doctor") is a domestic limited liability company duly organized under the laws of the State of Rhode Island with a principal office located at 553 Kingstown Road, Wakefield, RI 02879.

7. Defendant FDP Equities, LLC, alias, (hereinafter "Defendant FDP Equities") is a foreign limited liability company duly organize under the laws of the State of California with a principal office located at 8383 Wilshire Blvd, Suite 800, Beverly Hills, CA, 90210 and a place of business located at 553 Kingstown Road, Wakefield, RI 02879.

8. At all relevant times, Defendants Family Doctor and FDP Equities were Plaintiffs' employer within the meaning of 29 U.S.C. §§ 203(a) and 203(d) of the FLSA and R.I. Gen. Laws § 28-12-2(7) and § 28-14-1(3) of the RIPWA.

9. At all relevant times, Defendants Family Doctor and FDP Equities jointly employed Plaintiffs.

10. Defendant William L. Welter, (hereinafter "Defendant Welter") is a resident of the State of California and is and was at all relevant times to this action the Manager and a Member of Defendants Family Doctor and FDP Equities and has a material ownership interest and operational control therein, and was responsible, in whole or in part, for the wage payment policies, practices and procedures, and/or the implementation thereof, complained of herein.

11. Unless otherwise specified, the term "Defendants" as hereinafter used shall refer collectively to each and every Defendant named or described in the instant action.

*FLSA Liability Allegations*

12. Defendants are and, at all relevant times, were engaged in related activities performed through unified operation or common control for a common business purpose and is,

and at all times hereinafter mentioned was, an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all relevant times, Defendants, on a regular, consistent and recurrent basis, as part of the Defendants' regular course of business of providing services and distributing products in interstate commerce, employed workers in the activities of said enterprise engaged in commerce or in the production of good for commerce, including handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce.

14. At all relevant times, Defendants' enterprise has had an annual gross volume of business done in the amount of not less than $500,000.00.

15. Therefore, Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(s)(1)(A) and 203(s).

### III.   Jurisdiction

16. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under Federal law; specifically, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Supplemental jurisdiction over the state law claims set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

### IV.   Venue

17. Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and; therefore, are deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. § 1391. Moreover, a substantial part of the acts and/or omissions giving rise to the claims occurred in the District of Rhode Island.

### V. Material Facts

#### A. Plaintiff Shawn E. Coyle

*Failure to Pay Minimum Wages and Overtime*

18. Plaintiff Coyle worked as a Medical Biller for Defendant Family Doctor and FDP Equities from on or about August 21, 2015 until her voluntary resignation on or about October 19, 2017.

19. Throughout her entire employment, Plaintiff Coyle performed services at Defendant Family Doctor's Wakefield Rhode Island place of business but her paychecks were issued by Defendant FDP Equities.

20. Accordingly, throughout her entire employment, Plaintiff Coyle was jointly employed by Defendants Family Doctor and FDP Equities.

21. Plaintiff Coyle's primary job duties as a Medical Biller consisted of daily routine review of medical notes for correct coding, processing bills to be paid, and processing payments once received.

22. From January 1, 2016 until December 21, 2017, Plaintiff Coyle's compensation consisted of a fixed weekly salary of $865.38.

23. Throughout the year 2016, Plaintiff Coyle regularly and routinely worked between 45 to 55 hours per week *without* receiving overtime compensation at a rate of time and one-half her regular rate of pay for all hours worked over 40 per week.

24. From January 1, 2017 until October 7, 2017, Plaintiff Coyle's compensation was approximately $20.00 per hour on a part –time, fluctuating basis.

25. From January 1, 2016 until October 7, 2017, Plaintiff Coyle was forced to work numerous weeks without receiving *any* compensation from Defendants.

26. In light of the nature of her job duties and/or the failure or refusal of Defendants

to *regularly* pay her a legally mandated minimum salary each week as required by 29 C.F.R. §541.602, Plaintiff Coyle's employment did not satisfy either the "duties" test or the "salary basis" test, and she was therefore a non-exempt employee under the FLSA and the RIPWA.

27. Specifically, from January 1, 2016 until December 31, 2016, Defendants failed and/or refused to pay Plaintiff Coyle wages for straight time hours worked during a total of approximately twenty-four (24) workweeks/pay periods for the weeks and the amounts set forth in Plaintiff Coyle's Spreadsheet of Unpaid Wages attached and incorporated herein as Exhibit A.

28. From January 1, 2017 until October 7, 2017, Defendants failed and/or refused to pay Plaintiff Coyle for straight time hours worked during approximately fourteen (14) workweeks/pay periods for the weeks and the amounts set forth in Plaintiff Coyle's Spreadsheet of Unpaid Wages attached and incorporated herein as Exhibit A.

29. Additionally, from January 1, 2016 until December 31, 2016, Defendants failed and/or refused to pay Plaintiff Coyle overtime compensation at a rate of time and one-half her regular hourly rate of pay for all hours worked over 40 per week for the weeks and the amounts set forth in Plaintiff Coyle's Spreadsheet of Unpaid Wages attached and incorporated herein as Exhibit A.

30. To date, Defendants have failed and/or refused to pay Plaintiff Coyle wages for the weeks and amounts set forth in Exhibit A.

### B. Plaintiff Barbara J. Watson

*Failure to Pay Minimum Wages and Overtime*

31. Plaintiff Watson worked as an Assistant Manager/Biller and Office Manager for Defendant Family Doctor and FDP Equities from on or about July 2015 until her separation on or about September 25, 2017.

32. Throughout her entire employment, Plaintiff Watson performed services at

Defendant Family Doctor's Wakefield Rhode Island place of business but her paychecks were issued by Defendant FDP Equities.

33. Accordingly, throughout her entire employment, Plaintiff Watson was jointly employed by Defendants Family Doctor and FDP Equities.

34. From on or about January 15, 2016 until her separation, Plaintiff Watson's compensation consisted of a fixed weekly salary of approximately $730.77.

35. From February 1, 2016 until on or about June 16, 2017, Plaintiff Watson was forced to work numerous weeks without receiving *any* compensation from Defendants.

36. In light of the failure or refusal of Defendants to *regularly* pay her a legally mandated minimum salary each week as required by 29 C.F.R. §541.602, Plaintiff Watson's employment did not satisfy the "salary basis" test, and she was therefore a non-exempt employee under the FLSA and the RIPWA.

37. Specifically, from January 1, 2016 until June 16, 2017, Defendants failed and/or refused to pay Plaintiff Watson wages for hours worked during a total of twenty-five (25) workweeks/pay periods for the weeks and the amounts set forth in Plaintiff Watson's Spreadsheet of Unpaid Wages attached and incorporated herein as Exhibit B.

38. Additionally, from January 1, 2016 until August 12, 2017, Defendants failed and/or refused to pay Plaintiff Watson overtime compensation at a rate of time and one-half her regular hourly rate of pay for all hours worked over 40 per week for the weeks and the amounts set forth in Plaintiff Watson's Spreadsheet of Unpaid Wages attached and incorporated herein as Exhibit B.

39. To date, Defendants have failed and/or refused to pay Plaintiff Watson wages for the weeks and amounts set forth in Exhibit B.

### C. Individual Liability Under the FLSA and RIWPA

40. Defendant Welter routinely required Plaintiffs to work numerous weeks without any compensation and to work over forty (40) hours per week on numerous weeks without compensating her at a rate of time and one-half her regular rate of pay.

41. Defendant Welter willfully and intentionally created, approved, and/or knowingly implemented the compensation scheme under which Plaintiffs were illegally not compensated and/or undercompensated.

42. Defendant Welter knew that Plaintiffs were not being compensated for all straight and/or overtime hours worked as alleged herein.

43. On information and belief, Defendant Welter is either the sole or partial owner of Defendants Family Doctor and FDP Equities with operational control over both entities and/or otherwise intentionally and/or knowingly profited directly or indirectly from the illegal under-compensation of Plaintiffs.

### D. Minimum Wage and Overtime Pay Violations

44. At all relevant times, Plaintiffs were non-exempt employees[1] entitled to payment of a minimum wage under applicable law[2], wages for all hours worked[3], and overtime wages as

---

[1] It should be pointed out that any exemption from the payment of minimum wage or overtime are "narrowly construed against the employers seeking to assert their application," *Arnold v. Ben Kanowsky, Inc.* 361 U.S. 388,392 (1960), with the burden of proving the exemption placed "upon the employer." *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 900 (3rd Cir. 1991); *Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 206 (1966).

[2] Under the FLSA every employer in commerce shall pay its employees at least a minimum wage of $7.25 an hour. 29 U.S.C. § 206. Under the RIMWA every employer shall pay, during the year 2015, a minimum wage of $9.00 an hour and during the year 2016 and onward, a minimum wage of $9.60.

[3] *See Norceide v. Cambridge Health Alliance*, 814 F.Supp.2d 17, 23-25 (D. Mass 2011)(The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26. In effect, the employer was getting free hours of work from the employees); *accord D'Arezzo v. Providence Ctr., Inc.*, 142 F. Supp. 3d 224, 228 (D.R.I. 2015) ("Plaintiffs could state a claim . . . when their employer requires them to put in additional work, not required by their contract, at a compensation rate below the minimum wage."); *see also* R.I. Gen. Laws § 28-12-3 (requiring that employees be paid a minimum wage *per* hour).

defined under applicable law.[4]

45.     Defendants willfully and intentionally failed or refused to compensate Plaintiffs for all hours they were required to work for the workweeks and in the amount set forth in Exhibits A and B attached and incorporated herein, as required by the FLSA and the RIPWA.[5]

46.     Defendants willfully and intentionally failed or refused to compensate Plaintiffs the legally required overtime pay of one and one-half (1 ½) times their regular rate of pay for all hours worked over forty (40) in a workweek for the workweeks and in the amount set forth in Exhibits A and B attached and incorporated herein, as required by the FLSA and the RIPWA.

### E.     Damages

47.     Defendants regularly and routinely required Plaintiffs to work hours for which they were not compensated and/or were not compensated at the legally mandated minimum wage for the workweeks and in the amount set forth in Exhibits A and B attached and incorporated herein.

48.     Defendants regularly and routinely required Plaintiffs to work hours each workweek in excess of forty (40) without pay or overtime pay for the workweeks and in the amounts set forth in Exhibits A and B attached and incorporated herein.

---

[4] Under the FLSA, every employer in commerce shall pay its employees time and one half (1 ½) for all hours worked over forty (40). 29 U.S.C. §§ 206 and 207. The RIPWA mirrors the FLSA in that it provides that every employer shall pay the minimum wage prescribed by law and one and one-half (1 ½) the rate of their regular compensation for all hours worked over forty (40). R.I.G.L. § 28-12-1, *et seq*.

[5] It is black letter law than an employee of a private employer may not "volunteer," in whole or in part, to perform work for his or her employer, insofar as an employee may not waive his or her right to minimum wage and overtime pay due under the FLSA. *See Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945). Nor may FLSA rights be abridged, waived, or modified by contract or custom. *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602-03 (1944)("***The Fair Labor Standards Act was not designed to codify or perpetuate those customs and contracts which allow an employer to claim all of an employee's time while compensating him for only a part of it.*** Congress intended, instead, to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act.  Any custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights.")(emphasis added; footnote omitted).

49. Defendants willfully and repeatedly violated the provisions of the FLSA and the RIPWA by failing to pay Plaintiffs the legally mandated minimum wage for all hours worked and for failing to compensate them at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek.

50. As a result of the Defendants' concerted acts and/or omissions, including, but not limited to, those described herein, Plaintiffs have sustained loss of wages, overtime pay, and other compensation and/or benefits of employment, and have suffered emotional distress and other great damage.

### VI.  Claims for Relief

51. Plaintiffs incorporate the allegations contained in ¶¶1 through 50 above in the counts set forth below.

**Count One**
**Fair Labor Standard Act**
*29 U.S.C. §201, et seq.*

52. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the FLSA by failing to pay minimum wage and overtime wages as provided therein, thereby causing Plaintiffs to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Two**
**Rhode Island Payment of Wages Act**
*R.I. Gen. Laws § 28-12, et. seq., and*
*R.I. Gen. Laws § 28-14-1, et seq.*

53. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the RIPWA by failing to pay minimum wage and overtime wages as provided therein, thereby causing Plaintiff and Class Plaintiffs to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-

14-19.2 and § 28-14-20.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the FLSA and the RIPWA.

2. An injunction enjoining Defendant from violating the wages and overtime payment requirements under the FLSA and the RIPWA in the manner complained of herein.

3. An award of compensatory damages.

4. An award of punitive damages.

5. An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

6. An award of liquidated damages in the amount of two times the amount of wages and/or benefits owed pursuant to R.I. Gen. Laws §§ 28-14-19.2 and 28-14-20.

7. An award of reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

8. An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws §§ 28- 14-19.2 and 28-14-20.

9. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b).

10. An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

11. An award of such other and further relief as this Honorable Court deems just and proper.

### VIII. Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

Plaintiffs hereby designate Richard A. Sinapi, Esquire as trial counsel.

                                           Plaintiffs,
                                           By their attorneys,
                                           **SINAPI LAW ASSOCIATES, LTD.**

**Dated:  January 17, 2018**                  **/s/ Richard A. Sinapi, Esq**
                                           **Richard A. Sinapi, Esq.  (#2977)**
                                           2374 Post Road, Suite 201
                                           Warwick, RI 02886
                                           Phone: (401) 739-9690; Fax (401) 739-9040
                                           Email:  ras@sinapilaw.com