UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHAWN E. COYLE and BARBARA J. WATSON, | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | C.A. No.  18-cv-23-JJM-PAS |
| | : | |
| FAMILY DOCTOR PLUS-RI, LLC, alias, FDP EQUITIES, LLC, alias, FAMILY MED PLUS, LLC, alias and WILLIAM L.WELTER, alias, | : | |
| **Defendants.** | : | |

## MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND RELEASE OF CLAIMS AND DISMISSAL WITH PREJUDICE

Plaintiffs and Defendants (collectively the "Parties") by and through undersigned counsel, hereby set forth the basis for their Joint Motion for Approval of Settlement Agreements and Release of Claims and Dismissal with Prejudice.  The Parties respectfully request that this Court review the Settlement Agreements and Release of Claims in camera, enter an Order in the proposed form submitted herewith approving the Parties' Agreement as it relates to the settlement of the Plaintiffs' claims under the Fair Labor Standards Act ("Agreement"), 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and dismiss Plaintiffs' claims, with prejudice.

## I.    INTRODUCTION

Plaintiffs brought this action alleging that Defendants failed to pay them straight time and overtime pay in accordance with the FLSA, and the Rhode Island Minimum Wage Act, R.I. Gen. Laws §§ 28-12-1 *et seq*.

The Parties have evaluated their respective positions and the significant time and expense of continued litigation.  While the Plaintiffs believe that the FLSA claims they have asserted in this litigation have merit, Defendants steadfastly deny such claims and have asserted a number of defenses to the claims.  All Parties, however, wish to avoid the considerable uncertainty and risks

of litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend this matter.  The Agreements presented to the Court were the product of arms-length negotiations among experienced counsel.  It provides substantial relief to Plaintiffs and it eliminates the risks both sides would bear if litigation of the FLSA claims continued to resolution on the merits.  The settlement is fair and reasonable, and, consequently, the Court should approve it.

## II.     LEGAL ANALYSIS

### A.     Approval of the Terms of the Agreement

An employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-approved stipulated settlement.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2015).  Proposed settlements under the FLSA require court approval because private settlements under the FLSA will not effectuate a valid release.  *See id.; Stalnaker v. Novar Corp.,* 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003).  Section 216(b) of the FLSA requires parties seeking to settle and release FLSA claims to present the district court with a proposed settlement.  When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).  If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

Public policy favors settlements.  This is particularly true in complex cases where substantial resources can be conserved by avoiding the time, cost and rigor of protracted

litigation.  *See id.* at 1354; *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) ("[a] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.") (internal citation omitted).

>        **B.      The Settlement is Fair, Just, and Reasonable**

In determining whether to approve a settlement as being fair, just and reasonable, the Court must consider whether the proposed Agreement was fairly and honestly negotiated; whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and the judgment of the Parties that the settlement is fair and reasonable.  *Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).  In the instant case, it is clear that the proposed settlement is fair, just and reasonable.  First, both Agreements were reached after mediation with a Magistrate Judge and substantial subsequent arms-length negotiations, as well as lengthy telephone conferences and substantial written communications among counsel.  The matter was vigorously contested, with counsel for all Parties ardently advocating their positions.  In the end, experienced counsel on both sides of this matter deemed the settlement fair and reasonable.  As such, courts generally do not second-guess the parties, or substitute their judgment for that of the proponents of the settlement, particularly when experienced counsel familiar with the litigation have reached an arms-length settlement. *See Hammon v. Barry*, 752 F. Supp. 1087, 1093 (D.D.C. 1990); *Steinberg v. Carey*, 470 F. Supp. 471, 474 (S.D.N.Y. 1979).  "Although the Court is not bound by counsel's opinion, their opinion nevertheless is entitled to great weight."  *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002).

Second, as with any FLSA action, questions of fact and law exist which place the ultimate outcome of the litigation in doubt.  Questions exist chiefly with regard to Plaintiffs'

proof that they in fact worked the straight and overtime hours that went unpaid and the amount thereof.   Litigation would have involved deposing multiple witnesses and producing and reviewing numerous documents as well as substantial electronic data to attempt to piece together Plaintiffs' work time.

Third, the Parties agree that the settlement is fair and reasonable and takes into account Plaintiffs' allegations regarding unpaid work time.  As specifically provided in the Agreements, Plaintiffs agree to settle their wage and hour claims in full settlement of all FLSA claims asserted or which could have been asserted in the instant Litigation against Defendants, which has been apportioned equally between wages and liquidated damages and also includes an award of counsel fees and costs.  Given the financial terms of the settlement and Plaintiffs' concern relative to the collectability of any judgment, it is highly unlikely that the recovery for Plaintiffs would increase as a result of protracted litigation.  "As courts have recognized, when considering settlement agreements they[] should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation.  In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush."  *In re BankAmerica*, 210 F.R.D. at 701 (internal quotations and citation omitted).

Lastly, there is no evidence, or even claim, of fraud or collusion.  To the contrary, the settlement was reached after some vigorous initial litigation, court administered mediation, and substantial arms-length negotiations.  Where there is no evidence of fraud or collusion, courts presume that no such improprieties tainted the negotiations.  *Priddy v. Edelman,* 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v. Cont'l Illinois Nat'l Bank and Trust Co.*, 834 F.2d 677, 681 (7th Cir. 1987).

**Page 4 of 5**

III.     CONCLUSION

For the foregoing reasons, the Parties request that the Court grant their motion, review the

Agreements in camera, and enter an Order approving the Agreements and dismissing Plaintiffs'

claims, with prejudice.

| | |
|---|---|
| Plaintiffs, | Defendants, |
| By their attorneys, | By their attorney, |
| **SINAPI LAW ASSOCIATES, LTD.** | |
| | /s/ **Chip Muller, Esq**. |
| /s/ **Richard A. Sinapi, Esq**. | 47 Wood Avenue |
| Richard A. Sinapi, Esq. (#2977) | Barrington, RI  02806 |
| 2374 Post Road Suite 201 | Phone: (401) 256-5171; Fax:(401) 256-5178 |
| Warwick, RI 02886 | Email:  chip@mullerlaw.com |
| Phone: (401)739-9690; Fax: (401) 739-9040 | |
| Email: raa@sinapilaw.com | |

**Dated:  March 25, 2019**


**CERTIFICATION**


**Chip Muller, Esq. (R.I. Bar No.7686)**
47 Wood Ave.
Barrington, RI 02806
Phone: (401) 256-5171; Fax: (401) 256-5178
Email: chip@mullerlaw.com


I hereby certify that on **March 25, 2019** a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.  Service on the counsel of record listed above has been effectuated by electronic means.

                                                                                /s/ **Richard A. Sinapi**